IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JEFFERY HAMMONS**                                                                      **PLAINTIFF**

v.                                                        CIVIL ACTION NO. 1:22-cv-93-TBM-RPM

**BOBBY C. FAIRLEY,** *et al.*                                                           **DEFENDANTS**

**MEMORANDUM AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* on *pro se* Plaintiff Jeffery Hammons's failure to comply with Court Orders. Plaintiff filed this lawsuit on April 19, 2022. [1]. On April 25, 2022, Plaintiff was ordered [3] to either pay the required filing fee or file a completed application for leave to proceed *in forma pauperis* on or before May 25, 2022. Plaintiff timely filed a Motion for Leave to Proceed *in Forma Pauperis* [4], which the Court granted [7]. The Court also sent Plaintiff notice of the Prison Litigation Reform Act and ordered [5] Plaintiff to sign and file an Acknowledgement of Receipt and Certification or the Notice of Voluntary Dismissal Form, which was also mailed to him. This Order warned Plaintiff that "failure to advise this court of a change of address . . . may result in this case being dismissed sua sponte, without prejudice, and without further notice." [5], p. 2. Plaintiff timely complied with the Order [5] and filed a signed Acknowledgement of Receipt and Certification [6].

On August 2, 2022, the Court entered an Order [9] requiring Plaintiff to file a written response to clarify certain aspects of this lawsuit on or before August 16, 2022. Plaintiff was warned again that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." [9], p. 2. This Order [9] was mailed to Plaintiff at his last-known address, and it

was returned to the Court as undeliverable. [10]. Plaintiff did not comply with the Order [9] or notify the Court of a change of address.

The Court then entered an Order to Show Cause [11] requiring Plaintiff to demonstrate on or before September 7, 2022, why this case should not be dismissed for failure to comply with the Court's Order [9]. The Order to Show Cause [11] warned Plaintiff again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." [11], p. 2. The Order to Show Cause [11] was mailed to Plaintiff at his last-known address, and it was also returned to the Court as undeliverable. [12]. Plaintiff did not timely comply with the Order to Show Cause [11], and he has not communicated with the Court about his lawsuit since June 8, 2022—despite being warned five times that a failure to comply or notify the Court about a change in address may lead to the dismissal of his case. *See* [3], p. 2; [5], p. 2; [7], pp. 2-3; [9], p. 3; [11], p. 2.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the party seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions

than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with the Court's Orders [9] [11], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this matter is DISMISSED WITHOUT PREJUDICE. This CASE is CLOSED.

**THIS, the 16th day of September, 2022.**

                                                          **TAYLOR B. McNEEL**
                                                  **UNITED STATES DISTRICT JUDGE**